IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,297-01
 





EX PARTE KIM LY LIM









ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. 599621-B IN THE 262ND

JUDICIAL DISTRICT COURT OF HARRIS COUNTY





 Per curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In March 1992, a jury found applicant guilty of the offense of capital murder. The
jury also answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071 in favor of the State, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Lim v. State, No. 71,476 (Tex. Crim. App. Feb. 8, 1995) (not designated for
publication). Applicant filed his initial post-conviction application for writ of habeas corpus
in the trial court on June 8, 1997, where it remains pending. Later, on June 23, 2003,
Applicant filed this subsequent habeas writ application in the trial court asserting that he is
mentally retarded and cannot be executed after the Supreme Court's decision in Atkins v.
Virginia, 536 U.S. 304 (2002). Applicant also asserted in the subsequent writ application
that his death sentence violated the Sixth and Fourteenth Amendments because the jury was
not required to find that there were no mitigating circumstances warranting a life rather than
death sentence beyond a reasonable doubt and that his death sentence offends the Eighth
Amendment's prohibition against cruel and unusual punishment because the jury charge at
punishment did not provide an effective vehicle for the mitigation evidence to be considered
by the jury (a nullification instruction was given). This Court remanded Applicant's
subsequent writ application to the trial court on September 10, 2003, to consider only the
mental retardation issue; the remaining two issues were dismissed under Article 11.071 § 5
of the Texas Code of Criminal Procedure. Ex parte Lim, No. WR-56,297-01 (Tex. Crim.
App. Sept. 10, 2003) (not designated for publication). 

 The trial court has returned Applicant's subsequent writ application to this Court with
its findings and conclusions. Upon reviewing the subsequent application, and in light of
intervening United States Supreme Court decisions, this Court has determined that
Applicant's third claim concerning the nullification instruction given at the punishment stage
of his trial should not have been dismissed as an abuse of the writ but remanded to the trial
court for its consideration. See Ex parte Martinez, 233 S.W.3d 319, 322 -323 (Tex. Crim.
App. 2007). This writ application is therefore remanded to the trial court so that it may
consider, along with the initial writ application still pending before it, whether "Applicant's
sentence of death offends the Cruel and Unusual Punishment Clause of the Eighth
Amendment to the United States Constitution because the jury charge at the punishment
phase of trial did not provide an effective vehicle for the mitigation of Applicant's
punishment on the basis of evidence offered by him for that purpose." See Applicants
Subsequent Writ Application at 3, 16-18.

 After considering this issue, the trial court shall enter further findings of fact and
conclusions of law concerning whether applicant should receive a new punishment hearing. 
The trial court shall also make any further findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of applicant's application for habeas corpus
relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
294, (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus will
be held in abeyance pending the trial court's compliance with this order. Within 120 days
of the date of this order, the trial court shall resolve this issue and have the clerk forward the
record to this Court. (1) The trial court is also encouraged to forward to this Court with the
record on the subsequent writ application Applicant's initial writ application still pending
before it and the trial court's findings and conclusions on that initial application.

 IT IS SO ORDERED THIS THE 4th DAY OF JUNE, 2008.


Do Not Publish
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.